1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES DEAN EGY,

11              Petitioner,                    No. CIV S-08-0694 GEB GGH P

12        vs.

13    MICHAEL EVANS, et al.,

14              Respondents.              FINDINGS AND RECOMMENDATIONS

15    _____/

16    I.  Introduction

17              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1999 conviction for several

19    counts of child molestation.  He is serving a determinate sentence of 18 years.  This action is

20    proceeding on the original petition filed April 2, 2008.  Pending before the court is respondent's

21    June 27, 2008, motion to dismiss on grounds that this action is barred by the statute of

22    limitations.

23              After carefully considering the record, the court recommends that respondent's

24    motion be granted.

25    \\\\\

26    \\\\\

1

## II.  Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On April 9, 2003, the California Supreme court denied petitioner's petition for direct review.  Respondent's Lodged Document 6.  Therefore, petitioner's conviction became final when the time for filing a petition for writ of certiorari expired 90 days later on July 8, 2003.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999).  Time began to run the next day, on July 9, 2003.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that is, until July 8, 2004, to file a timely federal petition, absent applicable tolling.  The instant action, filed April 2, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

Petitioner filed five state post-conviction collateral actions.  The first and second habeas petitions were filed by counsel.  The final three habeas petitions were filed pro se:

> 1.  October 30, 2003: first habeas petition filed in the Sacramento County Superior Court.  Respondent's Lodged Document at 5.  On December 3, 2003, the Superior Court denied the first petition with a reasoned opinion.  Id., at 6.

2.   December 23, 2004: second habeas petition filed in the California Supreme Court.  Id., at 7.  On January 18, 2006, the California Supreme Court denied the second petition without comment or citation.  Id., at 8.

3.   March 13, 2007: third habeas petition filed in the Sacramento County Superior Court.  Id., at 9.  On April 27, 2007, the Sacramento County Superior Court denied the third petition, with a reasoned opinion that referred to In re Clark, 5 Cal.4th 750 (1993).  Id., at 10.

4.   July 2, 2007: fourth habeas petition filed in the California Court of Appeal, Third Appellate District.  Id., at 11.  On August 9, 2007, the California Court of Appeal denied the fourth petition, without comment or citation.  Id., at 12.

5.   September 20, 2007: fifth habeas petition filed in the California Supreme Court.  Id., at 13.  On March 12, 2008, the California Supreme Court denied the fifth petition, with references to In re Clark, 5 Cal.4th 750 (1993); In re Robbins, 18 Cal.4th 770, 780 (1998); In re Waltreus, 62 Cal. 2d 218 (1965); In re Dixon, 41 Cal.2d 756 (1953); In re Swain, 34 Cal.2d 300, 304 (1949).  Id., at 14.

Petitioner filed the instant petition on April 2, 2008.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations in the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846, 850 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414, 125 S.Ct. at 1812.  Under such circumstances, the petitioner is not entitled to statutory tolling.

1   Id. at 417, 125 S.Ct. at 1814.

2         Petitioner's first petition, filed on October 30, 2003, occurred 113 days after

3   judgment became final.  Respondent concedes that petitioner is entitled to statutory tolling during

4   the pendency of the first petition.  Motion to Dismiss (MTD) at 4.  Petitioner is entitled to tolling

5   for the period from October 30, 2003, the date the first petition was filed, to December 3, 2003,

6   the date the first petition was denied, 35 days.  Id.  Petitioner was required to file the instant

7   federal petition by August 11, 2004.

8         The first petition was denied on December 3, 2003, but the second petition was

9   not filed for more than a year, on December 23, 2004.  Respondent argues that time should not be

10  tolled as the delay was too lengthy.  MTD at 5.

11        Petitioner is not entitled to statutory tolling for the more than one-year delay

12  between the denial of his first petition on December 3, 2003, and the filing of the second petition

13  on December 23, 2004.  See Evans v. Chavis, 546 U.S. at 201, 126 S.Ct. at 854 (2006); see also

14  Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir.2006) (amending 417 F.3d 1030 (9th Cir.2005)

15  (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15

16  months, 18 months, and 10 months, given length of delays, lack of clear statement from

17  California legislature or courts that delays of such length were reasonable, and lack of

18  explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp.2d 1135,

19  1140-1141 (C.D.Cal.2006) (unexplained, unjustified delays of 97 and 71 days between the denial

20  of one state petition and the filing of the next petition constituted unreasonable delays such that

21  the intervals cannot be tolled under Chavis).  Thus, there will be no statutory tolling for the time

22  between the first and second petitions or when the second petition was pending before the

23  California Supreme Court.  As is set forth infra, the time period involved here will be tolled for

24  equitable reasons, i.e. egregious lack of competent representation.  Although the lack of

25  competent representation "explains" the delay, the undersigned believes that the factors in

26  equitable tolling should not be mixed up with concepts of statutory tolling.

1    In addition, petitioner is not entitled to statutory tolling for the third, fourth and

2 fifth petitions.  Petitioner filed his third petition in Sacramento County Superior Court on March

3 13, 2007.  The Sacramento County Superior Court denied the third petition as untimely, as the

4 claims presented were previously presented and rejected in earlier petitions or could have been

5 raised in earlier petitioners, citing In re Clark, 5 Cal.4th 750, 770 (1993).[1]  Sacramento County

6 Superior Court # 07F02797, April 27, 2007.  California rules provide that a successive petition is

7 by necessity a delayed petition.   In re Clark, at 770 (holding that, "a successive petition

8 presenting additional claims that could have been presented in an earlier attack on the judgment

9 is, of necessity, a delayed petition").  The Supreme Court has stated, "[w]hen a postconviction

10 petition is untimely under state law, 'that [is] the end of the matter' for purposes of §

11 2244(d)(2)."  Pace v. DiGuglielmo, 544 U.S. at 414, 125 S.Ct. at 1812 (quoting Carey v. Saffold,

12 536 U.S. 214, 226, 122 S.Ct. 2134 (2002)).  The court agrees with respondent that the

13 Sacramento County Superior Court's finding that petitioner's habeas corpus petition was

14 untimely under California law means that the petition was not "properly filed" and therefore did

15 not toll the limitations period.  See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)

16 ("[b]ecause the California courts dismissed Bonner's petition as untimely, his petition was not

17 "properly filed" under AEDPA).

18    Therefore, statutory tolling will not apply from the time of the denial of the first

19 petition, December 3, 2003, to the denial by the California Supreme Court of the fifth petition,

20 March 12, 2008.

21 \\\\\

22 \\\\\

23

24    [1] Petitioner's next petition to the California Court of Appeals was denied without
comment or citation.  Petitioner's following petition to the California Supreme Court was denied
25 with citations to In re Clark, 5 Cal.4th 750 (1993); In re Robbins, 18 Cal.4th 770, 780 (1998); In
re Waltreus, 62 Cal. 2d 218 (1965); In re Dixon, 41 Cal.2d 756 (1953); In re Swain, 34 Cal.2d
26 300, 304 (1949).

1          Equitable Tolling

2          Petitioner argues that he is entitled to equitable tolling due to ineffective

3   assistance of counsel and medical reasons.

4          The AEDPA's one-year statute of limitations is subject to equitable tolling but

5   only if a petitioner can show " '(1) that he has been pursuing his rights diligently, and (2) that

6   some extraordinary circumstance stood in his way' and prevented timely filing." Pace v.

7   Diguglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005).  Petitioner bears the burden of alleging

8   facts that would give rise to tolling.  Pace, 544 U.S. at 418, 125 S.Ct. at 1814.  "Equitable tolling

9   is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a

10  prisoner's control make it impossible to file a petition on time."  Miranda v. Castro, 292 F.3d

11  1063, 1066 (2002) (internal quotations/citations omitted [emphasis added in Miranda]).  A

12  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

13  the exceptions swallow the rule."  Id.

14         Petitioner contends that he received ineffective assistance of counsel as

15  petitioner's counsel for the first and second habeas petitions voluntarily resigned, with charges

16  pending, from the State Bar.  In re White, 121 Cal. App.4th 1453, 1459 (Cal. App.  2004).  He

17  seeks equitable tolling from December 3, 2003, the date the first petition was denied to June 15,

18  2006, the date petitioner learned from counsel that the second petition was denied.

19         In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

20  overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir.

21  1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth

22  Circuit found that the statute of limitations could be equitably tolled if extraordinary

23  circumstances beyond a prisoner's control made it impossible to file the petition on time.   "In

24  addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the

25  failure to file a timely claim, equitable tolling may be appropriate.'"  Lott v. Mueller, 304 F.3d

26  918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

As held in <u>Beeler</u>,  "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.  "Mere excusable neglect" is insufficient as an extraordinary circumstance.  <u>Miller v. New Jersey Dept. of Corrections</u>, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does not constitute such extraordinary circumstances.  <u>See</u> <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986).

In the <u>Calderon (Beeler)</u> case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not useable by replacement counsel – a turn of events over which the court found Beeler had no control.  The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.[2]

The Ninth Circuit also found extraordinary circumstances in <u>Calderon v. U.S. Dist. Ct. For Cent. Dist. Of Ca. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc).  The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner.  <u>Id.</u> at 541-42.  <u>See</u> <u>also</u> <u>Corjasso v. Ayers</u>, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); <u>Miles v. Prunty</u>, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling); <u>Stillman</u>

---

[2]  <u>See also</u> <u>Baskin v. United States</u>, 998 F. Supp. 188 (D. Conn. 1998), wherein the court applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.

1   v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation

2   coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing);

3   Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel,

4   such as wholly deficient performance, may justify equitable tolling).

5          Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11 (C.D. Cal. 1997),

6   the court found that a petitioner's circumstances were not extraordinary in the following

7   circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

8   preventing the prisoner's access to the library and a typewriter which were necessary to his

9   motion.  See also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation

10  of limitations period "and his negligence in general do not constitute extraordinary circumstances

11  sufficient to warrant equitable tolling"); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)

12  (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural

13  default); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did

14  not toll statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D.Haw. 1999) (lack of legal

15  expertise does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d

16  650, 656 (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J.

17  1998) (delay in receipt of transcripts does not justify equitable tolling).

18         Petitioner described his representation from attorney, Richard Dangler, and his

19  associates.  Dangler was listed as not eligible to practice law as of June 30, 2004, and resigned

20  with charges pending as of September 3, 2004.  In re White, 121 Cal. App.4th 1453, 1459 (Cal.

21  App.  2004).

22         Petitioner retained Dangler for state post-conviction collateral actions, after

23  petitioner's conviction became final.  Opposition to Motion to Dismiss (Opp.) at 2.  After the

24  denial of petitioner's first petition on December 3, 2003, petitioner was still represented by

25  Dangler who was purportedly working on the second petition.  Id.  On June 11, 2004, petitioner

26  received a letter from Dangler who indicated that he was retiring from the practice of law due to

1  health problems and unspecified other problems.  Opp., Exh. 1.  Dangler stated that he had been

2  working diligently on petitioner's second petition, "which is soon ready to be filed."  Id.  Dangler

3  did not mention his legal problems with the State Bar, nor was petitioner aware of the situation at

4  that time.  Dangler stated that another attorney from his office, Roman Rector, would be

5  assuming responsibility for petitioner's case.  Id.

6          On September 23, 2004, petitioner received a letter from Kathryn Clark, an

7  attorney in Rector's law office.  Opp., Exh. 2.  Clark stated that she had just received petitioner's

8  file for the second petition, but had not reviewed it in depth.  Id.  The second petition was filed

9  on December 23, 2004, and was denied by the California Supreme Court on January 18, 2006.

10 Petitioner wrote a letter to Rector's law office, on June 2, 2006, to discover the status of the

11 second petition.[3]  On June 15, 2006, Rector replied to petitioner and stated that the second

12 petition was denied on January 18, 2006, and they would no longer be representing petitioner.

13 Opp., Exh. 3.  Petitioner alleges that this was the first time he became aware of the denial of the

14 second petition.

15          Petitioner seeks equitable tolling from December 3, 2003, the date the first

16 petition was denied to June 15, 2006, the date petitioner learned from counsel that the second

17 petition was denied.

18          This court finds that petitioner should be granted equitable tolling for the entire

19 period of Dangler's and Rector's representation.  Spitsyn v. Moore, 345 F.3d 796, 800 (9th

20 Cir.2003) ("where an attorney's misconduct is sufficiently egregious, it may constitute an

21 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." ).

22 In Spitsyn, the Ninth Circuit noted that "[d]etermining whether equitable tolling is warranted is a

23 'fact specific' inquiry."  345 F.3d at 799.  Dangler's legal history was well documented in, In re:

24

25 _____

26     [3] This letter is not an exhibit nor has the court viewed it.

9

White, 121 Cal. App.4th 1453 (Cal. App. 2004)[4].  In the instant case, the facts reveal that petitioner was under the impression that Dangler and then Rector were diligently working on the second petition.  The court finds that petitioner was reasonably diligent in securing habeas counsel in a reasonable time period after petitioner's conviction became final.  There is little doubt that Dangler's conduct was, and has been recognized as, wholly deceptive and "spectacularly deficient."  For this reason, the court finds that petitioner is entitled to equitable tolling for the period during which he was associated with either Dangler or Rector, from December 3, 2003 through June 15, 2006.

Petitioner is entitled to 925 days of equitable tolling.  The August 11, 2004, deadline to file the instant petition was tolled until February 22, 2007.  Yet, the instant petition was filed more than a year later on April 2, 2008.

\\\\\

_____

[4] In White, the California Third District Court of Appeal, in an exhaustive opinion, sanctioned Richard H. Dangler, Jr.,  for the filing of "such egregious cases," wherein Dangler, inter alia submitted petitions that contained  "gross misstatements of fact, misrepresentations of law, and repetitions of appellate contentions long ago resolved.... In addition, ...[to accusing] this court of ignoring the law ... and ...[being] ...biased in favor of the prosecution."  The court noted that Dangler's repeated misrepresentations of facts and frivolous contentions in three earlier appeals decided in 1991 and 1992 resulted in his removal from the attorney panel appointed to represent indigents on appeal in the district.  Consolidating three petitions subsequently filed by Dangler in White, for a hearing on the case and orders to show cause in 2004, the court found "that Dangler has for some time been operating a writ mill, in which attorneys and essentially unsupervised law students have written petitions for writs of habeas corpus for filing in state and federal courts under Dangler's name. Dangler signed a great number of the petitions without reading them, and on some occasions a clerical employee signed Dangler's name on the petitions. Dangler generally received a $7,250 retainer to pursue habeas corpus relief.  He paid law students up to $2,000 for their virtually unsupervised work on a client's case, or paid attorneys up to $2,500 per client.  Thus, from each client, Dangler kept close to $5,000, less other overhead, for personally providing no legal service whatsoever."   The court noted a State Bar disciplinary action pending against Dangler and his voluntary resignation with pending charges.  The state appellate court dismissed the three petitions as frivolous, denying them without prejudice so that each petitioner could file a new petition, and imposed monetary sanctions against Dangler.  It was found that far from achieving favorable results as he claimed for a number of his clients, he was successful in only one out of 53 petitions he had filed over a period of about 12 years.  It appeared to the court "that [Dangler] might be systematically misleading his clients and abusing the writ process for pecuniary gain."  In addition, the court recounted prior contempt proceedings against Dangler.  121 Cal.App.4th at 1457-1463, 18 Cal. Rpt.3d 444.

1   Petitioner further argues that he is entitled to equitable tolling for approximately

2   66 days, from September 29, 2006 to December 6, 2006, due to health reasons.  However, the

3   court will not address these arguments as even if petitioner is entitled to equitable tolling, his

4   submission date for the instant petition was still nearly one year late.  A review of the record

5   indicates that there are no other periods of time that petitioner could be entitled to equitable

6   tolling.  For the reasons discussed above, the court finds that petitioner's petition is barred by the

7   statute of limitations.

8   Accordingly, IT IS HEREBY RECOMMENDED that respondent's June 27, 2008,

9   motion to dismiss be granted.

10   These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

12   days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15   shall be served and filed within ten days after service of the objections.  The parties are advised

16   that failure to file objections within the specified time may waive the right to appeal the District

17   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: 02/03/09

19   /s/ Gregory G. Hollows

20   _____
UNITED STATES MAGISTRATE JUDGE

21   ggh: ab
egy0694.mtd

22

23

24

25

26